United States District Court
Southern District of Texas

**ENTERED**

October 25, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNADETTE ARAGONES-RODRIGUEZ, | § | |
| BOP #40845-180, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-24-2786 |
| v. | § | |
| | § | |
| WARDEN, FPC BRYAN,[1] | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Bernadette Aragones-Rodriguez (BOP #40845-180), is presently incarcerated in the United States Bureau of Prisons at the Federal Prison Camp in Bryan, Texas. Aragones-Rodriguez has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging the result of a prison disciplinary conviction. Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled

---

[1] Although the petitioner names the Federal Bureau of Prisons as the respondent, the Warden of the Bryan Federal Prison Camp is the immediate custodian and is therefore the only proper respondent. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717-18 (2004).

to relief."[2]   After considering the Petition and all matters of record, the court concludes that this case should be dismissed for the reasons explained below.

## I.   <u>Background</u>

The facts in this section are taken from the Petition and exhibits attached to the Petition.  On October 4, 2023, Aragones-Rodriguez was issued Incident Report #3835919 charging her with violating prison rules by "Refusing to Obey an Order."[3]   The charges stemmed from an incident in which a correctional officer allegedly observed Aragones-Rodriguez "laughing loudly" after being instructed to "whisper only."[4]  Aragones-Rodriguez was found guilty following a hearing by the Unit Discipline Committee ("UDC").[5]  As punishment, Aragones-Rodriguez lost phone privileges for 60 days.[6]

Construing the pleadings liberally, Aragones-Rodriguez argues that her due process rights were violated because the UDC did not

---

[2]Rule 1(b) of the Rules Governing Section 2254 Proceedings in the United States District Courts renders the Rules applicable to § 2241 proceedings.

[3]<u>See</u> Incident Report, Docket Entry No. 1-1, p. 13 #9.  For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the ccurt's Electronic Case Filing system.

[4]<u>See</u> <u>id.</u> #11; Central Office Administrative Remedy Appeal, Docket Entry No. 1-1, pp. 5-6.

[5]<u>See</u> Regional Administrative Remedy Appeal No. 1179079-R1, Docket Entry No. 1-1, p. 4; Administrative Remedy No. 1179079-A1, Docket Entry No. 1-1, p. 7.

[6]<u>See</u> Incident Report, Docket Entry No. 1-1, p. 12 #20.

consider the witness statement that was provided, camera footage was not reviewed, and her roommate, who received the same Incident Report, had the report expunged from her record.[7]   Aragones-Rodriguez requests that Incident Report #3835919 be expunged from her central file inmate record.[8]   Thus, she seeks relief from her prison disciplinary conviction under 28 U.S.C. § 2241.

## II.  Discussion

To the extent that a disciplinary conviction implicates the administration or execution of a prison sentence, a federal prisoner's challenge to a disciplinary action is within the scope of 28 U.S.C. § 2241.   See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary sanctions from his record . . . is properly brought via an application for a writ under § 2241.").   To prevail under § 2241 a petitioner must demonstrate that a constitutional violation has occurred.   See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) ("[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.") (quoting Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985) (internal quotation marks

---

[7]Petition, Docket Entry No. 1, p. 6.

[8]Id. at 7.

omitted)).  For the reasons explained below, Aragones-Rodriguez cannot demonstrate that a constitutional violation occurred in connection with the disciplinary conviction at issue in this case.

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995).  In that context, a prisoner's liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 2300 (internal citations omitted).

The Incident Report provided by Aragones-Rodriguez confirms that the only punishment imposed as the result of the challenged disciplinary proceeding was a loss of phone privileges for 60 days.  The Fifth Circuit has held that the loss of privileges are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns.  Madison v. Parker, 104 F.3d

765, 768 (5th Cir. 1997). Accordingly, restrictions placed upon or loss of an inmate's phone privileges "provide no basis for a claim of the denial of constitutional rights." Palmisano v. Bureau of Prisons, 258 F. App'x 646, 648 (5th Cir. Dec. 11, 2007) (citations omitted); see also York v. Federal Bureau of Prisons, No. 3:10-CV-1041-B, 2010 WL 2985885, at *2 (N.D. Tex. June 18, 2010) (finding that federal inmate did not state a claim for a due process violation because sanction of temporary loss of phone, visitation, and commissary privileges did not create a protected liberty interest), report and recommendation adopted by, 2010 WL 2985882 (N.D. Tex. July 26, 2010); Hopkins v. Grondolsky, 759 F. Supp. 2d 97, 102 (D. Mass. 2010) ("The temporary loss of privileges as a means of effecting discipline generally is not 'a dramatic departure from accepted standards of confinement' and does not constitute the deprivation of a liberty interest.") (quoting Overton v. Bazzetta, 123 S. Ct. 2162, 2170 (2003)).

Because the punishment imposed does not implicate a constitutionally protected liberty interest, Aragones-Rodriguez's due process claims have no merit. Accordingly, the Petition will be dismissed for failure to state a claim.

### III.   Conclusion and Order

Based on the foregoing, the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Bernadette Aragones-

Rodriguez (Docket Entry No. 1) will be dismissed with prejudice for failure to state a claim.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 25th day of October, 2024.

_____
                        SIM LAKE
            SENIOR UNITED STATES DISTRICT JUDGE